# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS OCAMPO-VILLANUEVA,<br><br>    Movant-Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Plaintiff. | Civ. Case No. 12cv0928 BTM<br>Crim. Case No. 11cr2342 BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY** |

Jorge Luis Ocampo-Villanueva ("Defendant"), a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In an Information filed on June 9, 2011, Defendant was charged with a violation of 8 U.S.C. § 1326 (a) and (b), deported alien found in the United States. (ECF No. 10.) Defendant waived indictment and subsequently pled guilty pursuant to a Plea Agreement. (ECF Nos. 11, 20.) As part of the Plea Agreement, Defendant acknowledged that sentencing was within the sole discretion of the sentencing judge. (Plea Agreement 6, ECF No. 17.) Defendant also stipulated to an order of removal from the United States upon serving his criminal sentence and waived his right to appeal or collaterally attack his

conviction or sentence. (Id. at 9-10.)

During sentencing, counsel for Defendant calculated a guideline range of 27 to 33 months and recommended 27 months imprisonment. (Def.'s Sentencing Chart, ECF No. 23.) The Government calculated a guideline range of 27 to 33 months and recommended 27 months of custody, 3 years of supervised release, and $100 special assessment. (Gov't Sentencing Chart, ECF No. 22.) On October 21, 2011, the Court sentenced Defendant to 27 months imprisonment and 3 years of supervised release.

## II. DISCUSSION

Defendant alleges three claims. First, Defendant requests that the Court reduce his sentence based on his status as a deportable alien. Second, Defendant contends that his attorney failed to exercise certain skills during plea negotiations, sentencing, and interviews, which the Court construes as ineffective assistance of counsel claims. Third, Defendant argues that as a deportable alien, he is ineligible for certain programs, and this ineligibility violates due process, equal protection, and the "Equal Right Act."[1]

Defendant has not stated a viable claim for ineffective assistance of counsel, which if successful, would have rendered the waiver invalid. As a result, Defendant's waiver is valid and precludes the instant collateral attack on his sentence. Further, even assuming Defendant's motion was not barred, his due process and equal protection claims fail on the merits.

//
//
//
//

---

[1] In his motion, Defendant seeks relief under the "Equal Right Act," alleging that"No person shall be discriminated regardless of race, color, sex, religion, or nationality." (Def.'s Mot. 8, ECF No. 27.) (containing spelling and grammar alternations). Given the context, Defendant is essentially claiming that any discrimination based on nationality – specifically his alienage status – violates the "Equal Right Act." This is an equal protection claim, and the Court will address it as such.

A.

As part of Defendant's Plea Agreement, Defendant waived the right to collaterally attack his sentence. Defendant, however, has alleged an ineffective assistance of counsel claim concerning Defendant's guilty plea itself. The Court must therefore address whether Defendant's ineffective assistance of counsel claim renders the waiver invalid.

    1.    Waiver

A waiver of a defendant's appellate rights is enforceable if the waiver's language encompasses the right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004). The Ninth Circuit has held that a defendant may also waive the right to collaterally attack his sentence if the plea agreement does so expressly. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

If, however, ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"); see also Pruitt, 32 F.3d at 433 (expressing "doubt" that a waiver of an IAC claim could be enforceable in a § 2255 context).

Here, Defendant entered a Plea Agreement, filed on June 30, 2011, that expressly waived his right to collaterally attack his sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

(Plea Agreement 9-10.) The Court imposed a sentence of 27 months imprisonment, which is on the low end of the 27 to 33-month guideline range recommended by the Government.

Thus, the language of the waiver encompasses the grounds raised in the instant motion. Defendant also acknowledged that he had a "clear understanding of the charges and the consequences of the plea" and that his "guilty plea is knowing and voluntary." (Plea Agreement 5.)

Defendant, however, has alleged a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Specifically, Defendant alleges that his attorney failed to exercise skill during plea negotiations. (Def.'s Mot. 5.) Thus, the Court must determine whether Defendant's ineffective assistance of counsel claim renders the plea agreement containing the waiver invalid.

2.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Defendant must satisfy a two-prong test: first, Defendant must show that counsel's performance was deficient; and second, Defendant must show that the deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). To state a viable claim, Defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. To show prejudice, Defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Furthermore, there is a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Defendant alleges that his attorney provided ineffective assistance of counsel by (1) failing to use his skill during the plea negotiations, (2) not trying to get him a "good and reasonable sentence," and (3) doing nothing to help him during interviews. (Def.'s Mot. 5.)

a.   Failure During Plea Negotiations

Defendant contends generally that his attorney did not use skill during negotiations for his guilty plea. (Def. Mot. 4.) The Court construes this as an attack on the voluntary

nature of Defendant's guilty plea. To attack the voluntary nature of the guilty plea, a defendant who has pled guilty upon the advice of counsel must show that "the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Washington v. Lampert, 422 F.3d 864, 872-73 (9th Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)).

Here, Defendant has neither alleged what specific advice he received from his attorney nor shown how his attorney acted outside the wide range of competence. See Strickland, 466 U.S. 689 (noting there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance"). Further, Defendant has not shown that he suffered prejudice as a result of his attorney's alleged failure. There is no evidence that had counsel done something different, Defendant would have either not pled guilty or received a lower sentence. Defendant has not shown deficiency or prejudice and therefore has not stated a claim for ineffective assistance of counsel.

Because Defendant has not stated a viable claim for ineffective assistance of counsel concerning the Plea Agreement itself, Defendant's Plea Agreement – and the waiver contained within – are valid. Defendant therefore validly waived his right to collaterally attack his sentence, and thus the instant collateral attack is barred. Accordingly, the Court **DENIES** Defendant's § 2255 Motion.

b.  Failure to receive a "good and reasonable sentence"

Defendant also alleges that his attorney did nothing to get him a "good and reasonable sentence." This claim also fails. Defendant's claim is conclusory and insufficient to state a claim for ineffective assistance of counsel. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). Further, as part of Defendant's valid Plea Agreement, Defendant acknowledged that his actual sentence was within the sole discretion of the sentencing judge. Both Defense counsel and the Government agreed to a guideline range of 27 to 33 months, and the Court sentenced Defendant to the low-end of that range, 27 months. The Court finds that Defendant's attorney was not deficient and there is no showing of prejudice.

     c.  Failure to help during interviews

Last, Defendant has alleged that his attorney failed to help during interviews. Defendant, however, has not specified which interviews or which acts or omissions were allegedly deficient. This claim is also conclusory, and therefore Defendant fails to state a viable claim for ineffective assistance of counsel. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

B. Due Process and Equal Protection Claims

Defendant also argues that as a deportable alien, he is ineligible for certain programs including a one-year sentence reduction through a drug program and/or early release to a halfway house. (Def.'s Mot. 8.) Defendant contends this ineligibility violates his right to due process and equal protection under the law. (Id.) However, even assuming Defendant did not waive his right to collaterally attack his sentence, his due process and equal protection claims fail on the merits.

  1.  Due Process

Defendant has not stated a claim for a due process violation. "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). The Ninth Circuit, however, has held that a prisoner does not have a recognized liberty interest in sentence reduction. See Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997) ("[D]enial of the one year reduction doesn't impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. In fact, denial merely means that the inmate will have to serve out his sentence as expected.") (internal citations and quotation marks omitted). Accordingly, Defendant's due process claim fails.

//

//

2.      Equal Protection

Defendant also has not stated an equal protection claim. The Equal Protection Clause applies to aliens who are present in the United States unlawfully. Plyler v. Doe, 457 U.S. 202, 210 (1982). To state a claim for an equal protection violation, however, Defendant must allege that he was treated differently from other similarly situated persons. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Unless a suspect classification is present, the unequal treatment must only be "rationally related to a legitimate state interest." Id. at 440. Illegal alienage is not a suspect classification, Plyler, 457 U.S. at 223, and therefore rational basis scrutiny applies, which "accords a strong presumption of validity." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) cert. denied, 528 U.S. 1086 (2000).

The policy of excluding deportable aliens from participating in community-based treatment programs, and consequently from being eligible for sentence reductions upon competition of the programs, survives rational basis scrutiny. See McLean, 173 F.3d at 1186 (holding that "excluding prisoners with [Immigration and Naturalization] detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs"). While deportable aliens pose a flight risk during such community-based programs, prisoners without detainers, such as United States citizens, "have more incentive to complete the community requirement because upon its completion they will likely qualify for sentence reduction and be permitted to rejoin their communities." See id. at 1184. Thus, deportable aliens are not "similarly situated" to United States citizens regarding eligibility for community-based or early release programs. See, e.g., United States v. Nguyen, No. 97cr152-05, 2000 WL 1133055 (D. Or. Aug. 10, 2000) ("the Ninth Circuit has unequivocally held that the denial of such benefits to deportable aliens pursuant to immigration detainers does not violate the Constitution"); Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement,

nevertheless cannot justify a downward departure"). Therefore, there is no equal protection violation, and Defendant's claim fails on the merits.

C.  Evidentiary Hearing

Finally, the Court notes that it is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; see also Shah v. United States, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Racich, 35 F. Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the motion, on its face, conclusively demonstrates that Defendant is not entitled to relief.

## III.  CONCLUSION

Defendant has not stated a claim for ineffective assistance of counsel that would render the waiver of collateral attack invalid. Thus, Defendant's waiver is valid, and he is barred from collaterally attacking his sentence. The Court therefore **DENIES** Defendant's § 2255 Motion and **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: November 26, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge